**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **SIRRLOVE WILLIAMS,** | |
| Plaintiff, | 1:24-cv-00037-WAL-EAH |
| v. | |
| **DEPUTY PETERSON AND CHIEF SHERIFF HIWOR BROWN,** | |
| Defendants. | |

**TO:** Sirrlove Williams, Pro Se

### ORDER TRANSFERRING CASE

**THIS MATTER** comes before the Court following the lodging of a Supplemental Complaint, Dkt. No. 5, and a Motion/Application for Leave to Proceed In Forma Pauperis, Dkt. No. 6, on December 30, 2024 by Plaintiff Sirrlove Williams, a prisoner appearing pro se. These documents were tendered in response to an Order the Court issued on November 27, 2024 which, inter alia, directed Williams to resubmit his handwritten complaint on the Court's complaint form for prisoners filing a civil action under 42 U.S.C. § 1983, and to either pay the $402.00 filing fee or execute the application to proceed without prepaying the filing fee (i.e., to proceed in forma pauperis). Dkt. No. 2. Williams tendered the requested documents in response to the Court Order. For the reasons that follow, the Court will order this case transferred to the District of Colorado.

### BACKGROUND

On November 26, 2024, Williams's initial complaint was "lodged"[1] against Defendants "Deputy Peterson and Chief Sherriff Hiwor brown." Dkt. No. 1. In his two-page, handwritten

---

[1] In this District, if the court receives a complaint and a motion to proceed in forma pauperis

*Williams v. Peterson*
1:24-cv-00037-WAL-EAH
Order Transferring Case
Page 2

complaint, entitled "Civil Rights Violation," Williams appeared to allege that, on "November 16," Deputy Peterson accused him of a medication infraction that caused him to lose one hour of outside time that day. His breakfast was withheld for four hours and it was ice cold when he received it. The Sheriff, "hiwor brown" did not monitor and discipline the officers at the Arapahoe County Jail where Williams is a pretrial detainee. Williams asserts that the officers want to provoke and physically attack him. Two years ago, he got some deputies fired. *Id.*

Because the Court found this complaint "hard to follow," it sent Williams a copy of the District Court of the Virgin Islands' prisoner civil rights complaint form so that he could better organize his claims, and the Court's in forma pauperis ("IFP") application, and ordered him to refile his complaint and file the motion to proceed IFP (or pay the filing fee) by January 24, 2025 or face possible dismissal of his case. Dkt. No. 2. The Court also noted that "nothing in the Complaint connects Williams, the Defendants, or the events he describes to the U.S. Virgin Islands that would permit this Court to exercise jurisdiction over the complaint." *Id*.

Williams refiled his complaint on the Court's civil rights complaint form. Dkt. No. 5. He indicated his address as a post office box in Centennial, Colorado, and that the address of the two Defendants, Deputy Peterson and Hiwor Brown, both employed by the Arapahoe,

---

from a prisoner, it will "lodge" the complaint until the motion to proceed IFP has been granted. Once that occurs, the docket will be updated to show that the complaint is "filed." If the court denies the IFP motion, the complaint will remain lodged until the plaintiff pays the filing fees. *See Brown v. Sage*, 903 F.3d 300, 307 (3d Cir. 2018), *rev'd en banc on other grounds*, 941 F.3d 655 (3d Cir. 2019).

*Williams v. Peterson*
1:24-cv-00037-WAL-EAH
Order Transferring Case
Page 3

Colorado Sheriff's Department, was also in Centennial, Colorado. *Id.* Williams alleged that his claims arose on November 16, 2024 and, in response to the prompt on the complaint form asking which "constitutional rights you believe have been violated," he answered "Neglegence [sic], Cruel Unusual Punishment; Intention Infliction of Emotion Distr; Torture." *Id*. at 2. In response to the question asking him to provide the essential facts of his case, he stated that, on November 16, 2024 at 6:45 a.m., Defendant Peterson was escorting the nurse; Williams took his medication; the officer asked to see his mouth again and told him he lost his "time out" and refused to feed him breakfast. *Id*. at 3. Williams was served his breakfast a few hours later but it was cold and inedible. *Id.* He adds that Defendant Hiwor Brown failed to train, supervise, and discipline the officers under his charge and that "this" is a continuing practice. *Id.* As to damages, he asserted that he has "a fear of cops and officer[.] This was intentional infliction of emotional distress, mental damage." He seeks $300,000 in damages, a "restraining order," and to "change venue to Bould[er] Colorado." *Id.* at 4. He attached a one-page handwritten affidavit in which he averred that after officers started playing in his food with their hands, he became very sick and could not move for three days. Dkt. No. 5-1.

Williams also filed an application to proceed IFP on the form provided by the Court. Dkt. No. 6. He declared under penalty of perjury that he had no income, no money in any bank accounts, no property of value, and no regular monthly expenses, dependents, or financial obligations. *Id*. Below the Declaration, the form required a "Certification of Prisoner's Institutional Account Balance" to be filled out. The form states in bold, underlined text that "[a]n authorized prison official must complete the certification below, AND furnish

a certified copy of your institutional account statement . . . " No prison official signed the Certification and no institutional account statement was attached.

## DISCUSSION

### A. Magistrate Judge's Authority to Address Venue Matters

Before determining how to proceed in this case, the Court will first consider its authority to address venue matters. Under 28 U.S.C. § 636(b)(1), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" except certain enumerated motions not at issue here, and may "reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see Newton v. Akers*, No. 23-cv-1469, 2024 WL 454950, at *2 (M.D. Pa. Feb. 6, 2024) ("the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion"). Local Rule of Civil Procedure 72.1, entitled "Magistrate Judges—Authority in Pretrial Matters," provides that "[t]he Magistrate Judges are hereby designated to hear and determine in all civil actions any pretrial matter permitted by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72." LRCi 72.1. Thus, the Local Rule provides the designation required in § 636(b)(1)(A) for this Court to address this pretrial matter.

Numerous courts have ruled that motions to transfer are not dispositive motions and can be adjudicated by magistrate judges under § 636(b)(1)(A). *See, e.g., Beemac, Inc. v. Glass America, LLC*, No. 23-1329, 2024 WL 4367027, at *1 n.1 (W.D. Pa. Oct. 1, 2024) (citing cases);

*Williams v. Peterson*
1:24-cv-00037-WAL-EAH
Order Transferring Case
Page 5

*Newton*, 2024 WL 454950, at *2 (citing cases). In *Beemac*, the Magistrate Judge sua sponte raised the issue of an apparent lack of venue and transferred the case to another District, 2024 WL 4215737, at *1-2; *see also Newton*, 2024 WL 454950, at *1. Accordingly, the Court concludes that it may sua sponte address the matter of transferring venue.

### B. Transferring Venue

Williams's initial pro se complaint was almost entirely devoid of facts. However, the few facts he did plead caused the Court to note in its November 27, 2024 Order that "nothing in the Complaint connects Williams, the Defendants, or the events he describes to the U.S. Virgin Islands that would permit this Court to exercise jurisdiction over the complaint." Dkt. No. 2. In his Supplemental Complaint, Williams confirmed the Court's supposition that neither he, the Defendants, nor the events he described occurred in the U.S. Virgin Islands: he is incarcerated at the Arapahoe County Jail in Colorado, the Defendants are employed by the Arapahoe County, Colorado Sheriff's Department and apparently work at the Arapahoe Jail (supporting the inference that they reside in the District of Colorado), and the events that formed the basis of Williams's claims under federal[2] and state law occurred in Colorado as well. It thus appears that this Court lacks venue over the claims and the parties.

Claims made pursuant to § 1983 have no special venue provision; as a result, the general venue provisions of 28 U.S.C. § 1391 apply. *Urrutia v. Harrisburg Cnty. Police's Dep't*,

---

[2] Because Williams seeks to bring a "cruel and unusual punishment" claim, the Court construes that claim as alleging an Eighth Amendment violation under 42 U.S.C. § 1983. He also entitled his initial complaint as a "Civil Rights Violation." Dkt. No. 1.

*Williams v. Peterson*
1:24-cv-00037-WAL-EAH
Order Transferring Case
Page 6

91 F.3d 451, 462 (3d Cir. 1996). Section 1391 provides that a civil action (except for diversity jurisdiction actions) may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Given that the Defendants appear to reside in the District of Colorado and the events giving rise to this action occurred within that District, the venue of this action is properly laid in the United States District Court for the District of Colorado.

When it appears that a case is being pursued in the wrong venue, there are two potential remedies available to a court. First, it may dismiss the action for lack of venue pursuant to 28 U.S.C. § 1406 and Fed. R. Civ. P. 12(b)(3). This Court does not have jurisdiction to issue such an Order; the most it could do if it chose that disposition would be to issue a Report & Recommendation to the District Judge recommending dismissal.[3] As a second option, the Court may, in the interests of justice, provide another form of relief which ensures that venue is proper without prejudicing the rights of the plaintiff. Under 28 U.S.C. § 1406:

---

[3] The Third Circuit has also held that "[d]istrict courts generally should not dismiss in forma pauperis complaints for improper venue" without considering whether the interests of justice favor transferring the complaint. *Fiorani v. Chrysler Corp.*, 510 F. App'x 109, 111 (3d Cir. 2013). While Williams has not been accorded IFP status in this case, he has applied for it.

*Williams v. Peterson*
1:24-cv-00037-WAL-EAH
Order Transferring Case
Page 7

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, *or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought*.

28 U.S.C. § 1406(a) (emphasis added).[4]

In this case, since venue over this matter lies in the United States District Court for the District of Colorado, in order to protect the plaintiff's rights as a *pro se* litigant, the Court will order this case transferred to that court for further proceedings. Such a transfer order avoids any prejudice to the plaintiff that might flow from a dismissal of this action on venue grounds. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965).

Finally, the Court will decline to rule on the pending motion for in forma pauperis, which will be left to the sound discretion of the transferee court.

## CONCLUSION

Accordingly, for the foregoing reasons, it is hereby **ORDERED**:

1. This case will be **TRANSFERRED** to the United States District Court for the District of Colorado for all further proceedings.

2. The Clerk of Court shall ensure the procedure is completed properly.

---

[4] Interestingly, Williams appears to have had some knowledge that the venue of his action should properly have been in the District of Colorado when he wrote in the "damages" section of his Supplemental Complaint that he sought a change of venue to Boulder, Colorado. Dkt. No. 5 at 4. A quick check of District of Colorado cases on Westlaw reveals numerous actions brought by Williams from 2007 through 2017. *See, e.g., Williams v. Firman*, No. 17-cv-00598, 2017 WL 5171335 (D. Colo. Nov. 8, 2017); *Williams v. City & Cnty. of Denver*, 10-cv-02177, 2011 WL 4352525 (D. Colo. Sept. 16, 2011); *Williams v. Andre*, No. 09-cv-01673, 2009 WL 340170 (D. Colo. Oct. 21, 2009); *Williams v. Denver Addualt Probation*, No. 07-cv-0620, 2007 WL 1216520 (D. Colo. Apr. 24, 2007).

*Williams v. Peterson*
1:24-cv-00037-WAL-EAH
Order Transferring Case
Page 8

3. The Clerk's Office shall send a copy of this Order to the pro se Plaintiff by certified mail, return receipt requested.

ENTER:

Dated: January 8, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE